JUDGE DUVALL
delivered the opinion op the court. (Chief Justice Wheat did not preside in this case.)
The appellants filed this petition in the Wayne circuit court, alleging, in substance, that they had previously instituted a suit in the same court, against the same parties, for the recovery of land, slaves, and other effects, to which they were entitled, and which the appellees wrongfully withheld; that, by change of venue, the previous suit had been removed to, and was still pending and undetermined in, the Clinton circuit court. That since the commencement of that suit, it had been ascertained that the appellees were attempting and intended to sell the slaves sued for in their possession, and remove from the state of Kentucky, and thereby defeat the objects of that suit. They therefore prayed for an attachment, or such other remedy as *100 they were entitled to, and that this suit might be consolidated with the original action.
The record of the original suit was referred to as an exhibit, and is copied into this record.
The appellees demurred to the petition, and moved to discharge the attachment and injunction which had issued. The demurrer was sustained, the attachment and injunction discharged, and the petition dismissed without prejudice, &c.
Whether this ruling of the court was erroneous or not, is the question to be decided.
By the Civil Code, (section 120,) it is provided that the defendant may demur to the petition when it appears on its face that there is another action pending between the same parties for the same cause.
Now, it is perfectly clear, that so far as the petition in this case set forth a cause of action at all, it was identically the same cause of action upon which the original suit was founded. The parties were the same; the property sought to be recovered, and the title of the appellants thereto, as well as the alleged wrongful conversion and detention of it by the appellees, were also the same in both proceedings, all of which appeared on the face of the petition. The result is, that under the section of the Code referred to, the demurrer was properly sustained.
But it is insisted that the petition set out a new cause of action, different from and independent of that for which the original suit was brought, and upon which the appellants were entitled to relief; and that this new cause of action consisted of the alleged intention on the part of the appellees to sell the property sued for, and to remove from the state.
It is manifest that this argument confounds two things essentially different. The cause of action in this case was the right of the appellants to the possession of the property sued for, and the wrongful detention of it by the appellees. The intention of the latter to sell it and to remove from the state cannot, with any technical propriety, be denominated a cause of action, even in the most comprehensive sense of the phrase, as used and understood in our system of practice. It is nothing more than „a ground for a provisional remedy — an attachment, or an *101 injunction, or both. This provisional remedy is merely ancillary and incidental to the action in which it is sought. It may be had either at or after the commencement of the action in the cases and on the grounds enumerated in the Code. And that the remedy can only be obtained in the court in which the action was brought or is pending at the time, there can be no-doubt. It certainly is unnecessary to point out the inconvenience and confusion that would result from allowing an action to be prosecuted in one county, and an attachment, injunction, or other provisional remedy affecting the parties to the action and the property involved in it, to be obtained and prosecuted in the court of adifferent county. Suppose, in this case,thatthe appellants had, by sufficient proof, sustained their grounds for the attachment in the Wayne circuit court, and had failed to establish their right in the Clinton circuit court to the property sued for, and that, consequently, judgment in bar of their action had been rendered in that case, what would have been the judgment of the Wayne circuit court? Would not the disposition to be made of the attachment and injunction, necessarily depend upon the final judgment in the original action?
But it is useless to pursue this discussion. It is perfectly manifest, in every aspect of the case, that the judgment complained of was right, and it is therefore affirmed.